*896 OPINION.
McMahon:
There is only one question involved in this case and that is, did the 5,000 shares of stock received by the petitioner as compensation for services rendered to the promoters of the corporation constitute income to him in 1922, when the stock was deposited in escrow, or in 1924, when it was finally released from the escrow, the petitioner being on a cash receipts and disbursement basis ? The respondent, in computing petitioner’s income for 1924, included the value of the shares as income and the petitioner contends that such action was erroneous.
The Union Mortgage Co. of California, a Delaware corporation, before selling or issuing its stock in California, was required under the “Blue Sky Law” of that State to secure a permit from the commissioner of corporations. This corporation employed two promoters, Berman and Aldrich, to act as- its general managers, for which they were to receive a maximum of 100,000 shares of the common stock of the corporation. Whenever shares of common stock of the corporation were- sold the promoters were to receive a like number of shares. The promoters in 1921 entered into an oral agreement with the partnership of Carnahan & Clark, of which the petitioner was a member, to the effect that the partnership was to render such legal services to the corporation as might be required, for which it was to receive 10,000 shares of the 100,000 to be issued to the promoters.
Such services were performed either during or prior to 1922 and in March, 1922, Berman and Aldrich delivered an interim trust certificate to the petitioner for himself and his partner. Later on, in the same year, a certificate of stock .for the 10,000 «hares was issued by the corporation to the petitioner and was immediately deposited, in accordance with the terms of the permit issued by the commissioner of corporations, with a depositary. The only shares *897 in dispute are the original 5,000 issued to the petitioner as his portion of the partnership fee for services rendered.
The evidence discloses that during all the time the stock in question was held in escrow the petitioner voted it and received the dividends thereon. Furthermore the petitioner received the certificate for stock in his own name and deposited it in escrow in accordance with the requirements of the State law. The petitioner received all the benefits possible from the stock in question except the right of actual physical possession and unrestricted power of sale thereof. It is possible that the petitioner could have sold the stock by obtaining permission of the commissioner of corporations of the State. The evidence shows that as to stock deposited in escrow the practice was to permit transfers to be made except where it affirmatively appeared to the commissioner that such transfers would be to the detriment of the corporation or were actually in effect fraudulent as between the parties to the transfer. From a careful consideration of the proceeding, it is our opinion that the stock in question was income to the petitioner in the year 1922 and the respondent erred in taxing it to the petitioner in the year 1924.
Reviewed by the Board.

Judgment will ~be entered for the petitioner.